## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 07-CR-20089 |
| ) | |
| **ALMA BROWN,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION

This case is before the court for ruling on the pro se Motion to Amend/Correct Judgment (#60) filed by Defendant, Alma Brown. Following this court's careful review of Defendant's Motion (#60), the Government's Supplemental Response (#63) and Supplemental Response with attached exhibit (#64), and the record in this case, Defendant's pro se Motion (#60) is DENIED.

### BACKGROUND

On August 21, 2007, Defendant, Alma Brown, was charged by indictment (#1) with three counts related to a conspiracy to pass counterfeit United States currency and the passing of that currency. On December 17, 2007, Defendant entered an open plea of guilty to all three counts of the indictment. Throughout the proceedings, Defendant was being held on state charges from Kane County, Illinois, and this court issued writs of habeas corpus ad prosequendum to bring Defendant to federal court for proceedings on the federal charges. On March 26, 2008, a sentencing hearing was held and Defendant was sentenced to a term of 18 months imprisonment on each of the three counts, to be served concurrently.

On November 12, 2008, this court received a letter (#58) from Defendant. Defendant stated that, at sentencing, this court "agreed" that her federal sentence and state sentence could be concurrent. Defendant asked this court to enter an amended order showing that her federal sentence

was concurrent as of March 26, 2008. On November 17, 2008, this court sent a letter (#59) to Defendant. This court explained that, on March 26, 2008, her state case remained pending so this court "could not have your federal sentence run concurrently to your state sentence because your state sentence had not yet been imposed." This court further stated:

> The state judge in Kane County could have recommended that your state sentence run concurrently with your federal sentence since the federal sentence had already been imposed. I have no control over the state court, and the state court acted last. Your only recourse would be if the state court judge would amend his order. However, the state court judge should have been aware of the federal sentence when your state case was resolved; therefore, I doubt if the state court judge will make any changes in his sentence.

On December 8, 2008, this court received another letter from Defendant, which this court construed as a pro se Motion to Amend/Correct Judgment (#60). In her letter, Defendant stated that the state judge did agree to run her state sentence concurrent with her federal sentence. She stated that her concern was that she did not receive credit for time served on her federal sentence from the date of sentencing, March 26, 2008. She stated that, instead, she was only given credit for time served beginning on July 14, 2008, the date her state sentence ended. Defendant asked this court to provide her with an official document stating that she should be given credit for time served from March 26, 2008.

On December 8, 2008, this court entered a text order and directed the Government to file a response to the pro se Motion. On December 10, 2008, the Government filed its Response (#61). The Government argued that this court has no authority to amend Defendant's federal sentence "to

be served concurrently with the later imposed consecutive state sentences."

This court concluded that the Government had misread Defendant's pro se Motion. Defendant stated that the state judge agreed to run her state sentence concurrent with her federal sentence. This court concluded that the question before the court is, if that is true, should Defendant receive credit for time served from the date of her sentencing, March 26, 2008. This court therefore entered an Order (#62) which directed the Government to file a new response to Defendant's pro se Motion to Amend/Correct Judgment (#60). This court directed the Government to address: (1) whether Defendant's state sentence was ordered to run concurrently or consecutively to the federal sentence imposed by this court; and (2) if the state sentence was ordered to run concurrently, whether Defendant should be given credit for time served from the date of her sentencing, March 26, 2008.

ANALYSIS

On January 20, 2009, the Government filed a Supplemental Response to Defendant's pro se Motion (#63) and a Supplemental Response with an attached exhibit (#64). The exhibit showed that Defendant was sentenced in the circuit court of Kane County on March 28, 2008. She was sentenced to a term of 24 months, concurrent to the sentence imposed in this case, and was given credit for 187 days for her time in state custody since September 22, 2007. In its Supplemental Response, the Government stated that, on July 14, 2008, Defendant was transferred from state custody to the custody of the Federal Bureau of Prisons.

The Government therefore stated that the answer to this court's first question is answered by the Kane County Judgment Order the Government filed as an exhibit. The judgment shows that the state sentence was ordered to run concurrently to her sentence in this case. The Government then argued that, in answer to this court's second question, this court lacks jurisdiction to modify

or amend its previously imposed sentence. The Government pointed out that a district court may modify a sentence only under the limited circumstances included in 18 U.S.C. § 3582(c) and pursuant to Rule 35 of the Federal Rules of Civil Procedure, neither of which apply to the situation here. See United States v. Smith, 438 F.3d 796, 799 (7th Cir. 2006). The Government further stated that only the Attorney General of the United States, through the Bureau of Prisons, has the authority to determine when to give a defendant credit against a sentence for time she has served. See United States v. Wilson, 503 U.S. 329, 335 (1992); see also United States v. Jones, 34 F.3d 495, 499 (7th Cir. 1994). Therefore, requests for sentence credits or a recalculation of time to be served must be presented to the Attorney General through the Bureau of Prisons. Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000).

Based upon the Government's well supported arguments, this court concludes that it does not have authority to modify Defendant's sentence or make any determination regarding credit for time served.

IT IS THEREFORE ORDERED THAT Defendant's pro se Motion to Amend/Correct (#60) is DENIED.

ENTERED this 26th day of January, 2009

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE